UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                    Chapter 13

Gary J. Senczyszyn and Rose I. Senczyszyn,                Case No. 09-49868

    Debtors.                                          Hon. Phillip J. Shefferly

_____/

**OPINION DENYING STATE OF MICHIGAN'S
OBJECTION TO PROOF OF CLAIM**

**Introduction**

This matter is before the Court upon an objection filed by the State of Michigan to a proof of claim filed by the Debtors for 2008 income taxes owed by the Debtors to the State of Michigan in the amount of $1,900.00. The Court heard the objection on March 23, 2010, and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a). For the reasons set forth in this opinion, the Court denies the State of Michigan's objection.

**Facts**

The facts in this case are not disputed. On March 31, 2009, the Debtors filed this Chapter 13 case. On April 15, 2009, the Debtors filed their schedule E of creditors holding unsecured priority claims. On schedule E, the Debtors showed the Internal Revenue Service as holding a claim for $3,370.00 for federal income taxes for the year 2008. The Debtors showed the State of Michigan as holding a claim in the amount of $1,900.00 for state income taxes for the year 2008. These claims were not shown as disputed or contingent in any way. The Debtors listed those amounts based upon

the Debtors' preparation of their federal and state income tax returns for the year 2008, which they had filed pre-petition on February 14, 2009.

The deadline for all creditors other than governmental units to file proofs of claims in this case was August 10, 2009. Pursuant to Fed. R. Bankr. P. 3002(c)(1), governmental units were provided with 180 days after the date of the order for relief in which to file proofs of claims. Therefore, the deadline for governmental units to file proofs of claims was September 27, 2009.

On April 15, 2009, the Debtors filed their Chapter 13 plan. Class Six of the plan addressed the Debtors' priority unsecured claims. The plan specifically identified the Internal Revenue Service as holding a claim in the amount of $3,370.00, and the State of Michigan as holding a claim in the amount of $1,900.00. The plan described those priority unsecured claims as being treated under Class Six in accordance with § 1322(a)(2) of the Bankruptcy Code. That section of the Bankruptcy Code states that a "plan shall . . . provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of [the Bankruptcy Code], unless the holder of a particular claim agrees to a different treatment of such claim[.]" On September 19, 2009, the Court entered an order confirming the Debtors' plan.

Like many Chapter 13 cases in this district, confirmation of the Debtors' plan occurred before the expiration of the bar date for governmental units to file proofs of claims. Of the two governmental units that were shown on the Debtors' schedules as holding claims in this case, the Internal Revenue Service filed a timely proof of claim, but the State of Michigan did not. On October 8, 2009, the Debtors filed a proof of claim showing the State of Michigan as a creditor in the amount of $1,900.00 for income taxes owed by the Debtors for 2008, and attached as supporting documentation a copy of the last page of the Debtors' tax return filed on February 14, 2009

reflecting the amount owing. The Debtors indicated on the proof of claim that the taxes in the amount of $1,900.00 were entitled to priority under § 507(a)(8) of the Bankruptcy Code.

On February 12, 2010, the State of Michigan filed an objection to the proof of claim that the Debtors had filed on its behalf. The objection states that because the income taxes for the 2008 tax year were "not due until April 15, 2009," such taxes are not a pre-petition debt, but instead are a post-petition debt. The objection further states that § 1305(a)(1) of the Bankruptcy Code permits the State of Michigan to file post-petition claims in Chapter 13 cases, but does not allow the Debtors to do so. In support of its objection to the allowance of the claim filed by the Debtors on its behalf, the State of Michigan cites to a recent Bankruptcy Court decision from this district, In re Turner, 420 B.R. 711 (Bankr. E.D. Mich. 2009).

The Debtors respond to the State of Michigan's objection with two arguments. First, the Debtors rely on the res judicata effect of § 1327. Because their plan listed a specific amount for the priority claim for the State of Michigan, and the State of Michigan did not object to the plan, the Debtors argue that § 1327 of the Bankruptcy Code binds the State of Michigan to the terms of the plan and precludes the State of Michigan from now objecting to the proof of claim filed by the Debtors on behalf of the State of Michigan. Second, the Debtors argue that even if the State of Michigan is not precluded from objecting to the proof of claim by reason of § 1327, the State of Michigan's objection should still be overruled because the proof of claim filed by the Debtors is for a pre-petition tax debt, and is therefore not governed by § 1305 of the Bankruptcy Code, as the State of Michigan asserts. The Debtors rely in part on a recent Bankruptcy Court decision, from the Western District of Michigan, In re Hight, __ B.R. __, 2010 WL 1131193 (Bankr. W.D. Mich. Mar. 24, 2010).

-3-

09-49868-pjs    Doc 74    Filed 04/07/10    Entered 04/07/10 12:42:28    Page 3 of 12

## Discussion

Before turning to the merits of the State of Michigan's objection and the Debtors' response to it, the Court first holds that the issue before it is not controlled by the terms of the Debtors' plan and any principles of res judicata that are reflected in § 1327 of the Bankruptcy Code. In this district, confirmation of a debtor's plan is often scheduled prior to the deadline to file proofs of claims by creditors and by governmental units. The model plan that is widely used in this district, and used by the Debtors in this case, provides that proofs of claim filed at variance with the plan supersede the plan. As a result, issues regarding the allowance or disallowance of claims are routinely addressed post-confirmation in the claims allowance process that the Bankruptcy Code expressly and specifically creates. See In re McLemore, __ B.R. __, 2010 WL 1235895 at *9-11 (Bankr. S.D. Ohio Mar. 30, 2010) (discussing the difference between the plan confirmation process and the claim allowance process, and the frequent clashes caused as a result of the timing when plans are confirmed before the proof of claim deadline passes). Therefore, the Court rejects the Debtors' contention that the State of Michigan is barred from objecting to the proof of claim filed by the Debtors on its behalf just because it did not object to confirmation of the Debtors' Chapter 13 plan.

Resolution of the merits of the State of Michigan's objection requires a review of the process for filing and allowing claims under the Bankruptcy Code. Section 101(5)(A) of the Bankruptcy Code defines the term "claim" as including a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" Section 501 of the Bankruptcy Code is entitled "Filing of proofs of claims or interests." That section of the Bankruptcy Code begins in subparagraph (a)

by stating that a creditor may file a proof of claim in a bankruptcy case. "Creditor" is defined in § 101(10)(A) of the Bankruptcy Code as including an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" Section 501(c) of the Bankruptcy Code states that "[i]f a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

Section 502 of the Bankruptcy Code is entitled "Allowance of claims or interests." Section 502(a) states that a proof of claim filed under § 501 "is deemed allowed, unless a party in interest . . . objects." Section 502(b) identifies nine separate grounds for the Court to disallow a claim, after notice and hearing, upon the filing of an objection to such claim.

The filing and allowance of claims under §§ 501 and 502 of the Bankruptcy Code are implemented by the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 3002(c) governs the time for filing proofs of claims in Chapter 13 cases. Rule 3002(c)(1) sets the deadline for governmental units to file their proofs of claims no later than 180 days after the date of the order for relief, or 60 days after the date of filing of a tax return.[1] Rule 3002(c)(1) further provides that the Court may, for cause, enlarge the time for a governmental unit to file a proof of claim. Fed. R. Bankr. P. 3004 sets a deadline for a debtor or trustee to file a proof of claim on behalf of a creditor that does not timely file a proof of claim. That deadline is 30 days after the expiration of the time for filing proofs of claims by such creditor. In this case, because governmental units had until

---

[1] The rule recognizes that a taxpayer may file a petition before he or she files an income tax return. Governmental units may not have the opportunity to liquidate their tax claim in Chapter 13 until well into a case, even past the confirmation process. However, taxing authorities are not prejudiced because Rule 3002(c)(1) provides them additional time after a tax return is filed, and the opportunity to extend that deadline even further, needing only to meet the relatively low standard of "cause."

September 27, 2009 in which to timely file their proofs of claims, the Debtors had 30 days after September 27, 2009 in which to file proofs of claims under Bankruptcy Rule 3004 for those governmental units that did not file proofs of such claims.

There is no question that the State of Michigan did not file a proof of claim in this case by the deadline of September 27, 2009. Nor is there any question that the Debtors timely filed within 30 days after that deadline a proof of claim on behalf of the State of Michigan. In objecting to that proof of claim, the State of Michigan does not rely upon any of the nine grounds for disallowance of a claim set forth in § 502(b) of the Bankruptcy Code. Nor does the State of Michigan deny that it has a claim against the Debtors for unpaid income taxes for the calendar year 2008, nor that it is a creditor with respect to the claim for unpaid taxes owing by the Debtors for calendar year 2008. Instead, the State of Michigan bases its objection on the premise that the Debtors' 2008 income taxes are a post-petition claim, defined in and governed by § 1305 of the Bankruptcy Code.

Section 1305 of the Bankruptcy Code is entitled "Filing and allowance of postpetition claims." Section 1305(a) permits a proof of claim to be

> filed by any entity that holds a claim against the debtor – (1) for taxes that become payable to a governmental unit while the case is pending; or (2) that is a consumer debt, that arises after the date of the order for relief under [Chapter 13], and that is for property or services necessary for the debtor's performance under the plan.

The title to this section reveals its purpose. It addresses "postpetition claims," not "prepetition claims." Also, this Bankruptcy Code section is written with the permissive term "may." It permits the filing of certain types of claims in Chapter 13, but does not require them. Courts that have reviewed this section of the Code have uniformly concluded that the permission to file a post-petition claim under this section in a Chapter 13 case does not extend to a debtor. See CenturyTel of Northwest Arkansas, LLC v. Laymon (In re Laymon), 360 B.R. 902, 904 (Bankr. E.D. Ark. 2007)

(holding that "only the holder of a § 1305 claim may file a proof of claim for a post-petition debt"); In re Smith, 192 B.R. 712, 714 (Bankr. E.D. Tenn. 1996) (same); RTO Rents v. Benson (In re Benson), 116 B.R. 606, 608 (Bankr. S.D. Ohio 1990) (same and collecting cases).

Although the cases seem to agree that the permission afforded by § 1305 does not apply to a debtor, there is a divergence of opinion regarding how § 1305 applies to certain types of proofs of claims filed by entities other than a debtor. Specifically, there is a split in the case law regarding the meaning of the phrase "taxes that become payable to a governmental unit while the case is pending." Compare Joye v. Calif. Franchise Tax Board (In re Joye), 578 F.3d 1070, 1075-77 (9th Cir. 2009) (holding "that taxes become 'payable' for purposes of section 1305(a)(1) when they are capable of being paid"), with United States v. Ripley (In re Ripley), 926 F.2d 440, 444 (5th Cir. 1991) (interpreting "payable" to mean "not only capable of being paid but also justly due and legally enforceable," and applying that definition to federal income and self-employment taxes finding that they become payable when the tax return is due) (internal quotation marks and citations omitted). Much of the State of Michigan's objection to the Debtors' proof of claim in this case centers on that dispute. However, the Court does not need to resolve that dispute in order to adjudicate the State of Michigan's objection in this case for a number of reasons.

First, the Debtors in this case do not rely upon § 1305 of the Bankruptcy Code as the authority for the proof of claim that they filed on behalf of the State of Michigan on October 8, 2009. Instead, the Debtors point to Rule 3004, the procedural rule for the Debtors' substantive right under § 501(c) to file a proof of claim on behalf of a creditor. The extended discussions that some courts have had regarding what types of claims are permitted to be filed by governmental units under § 1305 would be relevant in this case – *if* the State of Michigan had filed a proof of claim under

-7-

§ 1305. But it did not. Section 1305 does not govern the Debtors' proof of claim and therefore does not apply to the objection filed by the State of Michigan.

Second, there is nothing in § 1305 that provides a basis to disallow a proof of claim filed by a debtor on behalf of a creditor under § 501(c) of the Bankruptcy Code.[2] Disallowance of a proof of claim filed by a debtor under § 501(c) of the Bankruptcy Code depends solely on whether one of the nine enumerated grounds for disallowance under § 502(b) can be shown by the objecting party. The State of Michigan does not cite to any of § 502(b)'s nine separate grounds for disallowance in this case. The fact that the State of Michigan has the option to file certain claims under § 1305 is not a basis under § 502(b) for disallowance of the claim filed by the Debtors in this case under § 501(c).

Third, the State of Michigan is mistaken in its assertion that the Debtors' 2008 income taxes constitute a post-petition debt. The State of Michigan contends that, because the taxes for the calendar year 2008 are not considered "due and payable" by the State of Michigan until April 15, 2009, and because that date was after the date the Debtors filed their Chapter 13 bankruptcy case, the taxes owed for calendar year 2008 are not a pre-petition claim, but are somehow a post-petition claim. In essence, the State of Michigan is viewing § 1305(a)(1) as a definitional provision, determining the debt for the 2008 income taxes to be a post-petition claim because the taxes "became payable" while the case was pending.

---

[2] Nor does § 1305 create a separate allowance and disallowance process even for post-petition claims filed by non-debtor entities under that section. Instead, the claims allowance process of § 502 is incorporated by § 1305(b) and is expressly made applicable to claims filed under § 1305(a). Subject to some exceptions under § 1305(c), a claim filed under § 1305(a) "shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed . . . or disallowed . . . , the same as if such claim had arisen before the date of the filing of the petition."

The Court disagrees. Section 1305(a)(1) does not define what is and is not a post-petition tax claim. It provides for the "filing and allowance" of certain post-petition tax claims in Chapter 13. But that is all it does. The determination of whether a particular claim is a pre-petition claim or a post-petition claim is not made by reference to § 1305 but instead is made by reference to other Bankruptcy Code sections. The phrase "becomes payable" appears only in § 1305 and is therefore relevant to determining what claims a governmental unit is permitted to file under § 1305. But that phrase does not appear in either the definition of a "claim" or "creditor" in § 101 of the Bankruptcy Code, nor in the filing and allowance of claims provisions in §§ 501 and 502 of the Bankruptcy Code. That phrase does not help inform the Court as to whether a particular tax liability is a pre-petition claim, or a post-petition claim.

There are many opinions that have construed the phrase "right to payment," as it is used in the definition of "claim" in § 101(5)(A), for purposes of determining whether a claim is pre-petition claim or a post-petition claim. "Right to payment" is not defined under the Bankruptcy Code. However, "'Congress intended by this language to adopt the broadest available definition of "claim."'" In re Dixon, 295 B.R. 226, 229 (Bankr. E.D. Mich. 2003) (quoting Johnson v. Home State Bank, 501 U.S. 78, 83 (1991)). In Dixon, this Court reviewed the different tests that courts have developed for determining when a claim arises, as discussed by Judge Rhodes in In re Parks, 281 B.R. 899 (Bankr. E.D. Mich. 2002) (adopting the test from In re Piper Aircraft Corp., 58 F.3d 1573 (11th Cir. 1995)).

The most widely adopted test, followed by Parks and Dixon, has been alternately termed the "fair contemplation," "foreseeability," "pre-petition relationship," or "narrow conduct" test. It looks at whether there was a pre-petition relationship between the debtor and the creditor, "such as

-9-

contract, exposure, impact or privity," such that "a possible claim is within the fair contemplation of the creditor at the time the petition is filed." Dixon, 292 B.R. at 230 (citations omitted). See also In re Huffy Corp., ___ B.R. ___, 2010 WL 622054 at *9 (Bankr. S.D. Ohio Jan. 20, 2010) (noting that the Sixth Circuit "has not formally voiced its opinion on the various approaches to determining when a claim arises," but "courts within the Sixth Circuit have adopted either the conduct or the relationship/fair contemplation tests," and citing cases within the circuit); Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1038-40 (W.D. Tenn. 2003) (adopting the fair contemplation test and noting that "[c]ourts and commentators have offered little criticism for [this] approach").

Applied to the facts in this case, based on their state income tax return (page 2 of which is attached to the Debtors' proof claim), the Debtors earned the income for which the taxes are owing in 2008. They self-assessed the amount of the 2008 income tax on February 14, 2009 by filing their state income tax return. That return showed $5,882 total tax due and $3,960 in credits and payments, for a net tax liability of $1,922. All of this conduct occurred pre-petition. There was indisputably a pre-petition relationship between the Debtors as income earners and taxpayers, and the State of Michigan as a taxing authority, with the Debtors having already declared under penalty of perjury that they owed 2008 income taxes, such that a possible claim was within the fair contemplation of the State of Michigan at the time the petition was filed on March 31, 2009. The Debtors' liability for 2008 income taxes arose out of this pre-petition relationship, even if the State of Michigan is correct that the payment of such taxes was not due until April 15, 2009. Section 101(5)(A) of the Bankruptcy Code provides that a right to payment is a claim, regardless of whether such right is matured or unmatured.

**Conclusion**

In the Court's view, the 2008 income taxes owed by the Debtors to the State of Michigan constitute a pre-petition claim. The fact that the Debtors' tax return with the State of Michigan was not due until April 15, 2009 does not change the character of this claim from a pre-petition claim to a post-petition claim, particularly in this case, where the Debtors filed their income tax return on February 14, 2009, weeks before they filed their bankruptcy petition. Nor does the fact that § 1305 permits a governmental unit to file certain types of post-petition claims somehow transform the Debtors' tax liability for income earned during the pre-petition year 2008, into a post-petition claim in their bankruptcy case that was not filed until March 31, 2009. The claim for the 2008 taxes arose before the bankruptcy case was filed. At the time the Debtors filed their petition for relief, the State of Michigan was a creditor with respect to this claim. The Debtors properly and timely filed the proof of claim under § 501(c) and Fed. R. Bankr. P. 3004 on behalf of a creditor, the State of Michigan, when the State of Michigan did not file a proof of claim by the September 27, 2009 deadline. Therefore, the Court overrules the State of Michigan's objection and allows the claim filed by the Debtors.

Both parties discussed § 1305(a)(1) at length, and relied on the split in authorities interpreting that Bankruptcy Code section to support their respective positions. See In re Joye, 578 F.3d 1070, 1077 n.3 (9th Cir. 2009) (acknowledging that the "decision creates a circuit split"). The Debtors and the State of Michigan also each analyzed two recent Bankruptcy Court decisions that reached different results regarding § 1305 issues. See In re Hight, __ B.R. __, 2010 WL 1131193 (Bankr. W.D. Mich. Mar. 24, 2010); In re Turner, 420 B.R. 711 (Bankr. E.D. Mich. 2009). But it is not necessary for the Court in this case to try to resolve the split in cases construing § 1305,

-11-

because § 1305 does not control the issue in this case. Section 1305(a)(1) gives an option to governmental units to consider whether they are treated more favorably by filing a proof of claim for taxes that become payable post-petition while a Chapter 13 case is pending, or not. That makes perfect sense for the taxes based upon income earned post-petition by debtors, since many Chapter 13 plans run as long as five years. Then, at their choosing, § 1305(a)(1) permits governmental units to file a proof of claim for those post-petition taxes. But that section does not determine whether a claim is pre-petition or post-petition for purposes of filing and allowance under §§ 501 and 502. Section 1305 solely governs proofs of claims filed by entities other than a debtor, and if the claim is for taxes, § 1305(a)(1) governs only if the proof of claim is filed by a governmental unit for taxes that become payable while a case is pending. It is unnecessary for this Court to consider whether or not a governmental unit may hypothetically file a proof of claim under § 1305 when the proof of claim that is the subject of the objection in this case was not filed by a governmental unit, was not filed under § 1305, and is based upon a right to payment that is plainly rooted in the pre-petition relationship between the Debtors and the State of Michigan, based upon the income earned by the Debtors during 2008.

The Court will enter a separate order overruling the objection filed by the State of Michigan to the proof of claim filed by the Debtors in the amount of $1,900.00 on behalf of the State of Michigan on October 8, 2009.

**For publication.**

**Signed on April 07, 2010**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**